UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN V. MARZELLA,

        Plaintiff,

vs.                                    Case No.  2:05-cv-443-FtM-99DNF

SPRINT-FLORIDA,   INCORPORATED,   a
Florida Corporation,

        Defendant.

_____

## OPINION AND ORDER

_____This matter comes before the Court on Plaintiff's Response to Defendant's Notice of Removal, deemed to be a Motion to Remand (Doc. #14), filed on September 22, 2005.  Defendant's Memorandum in Opposition (Doc. #15) was filed on September 28, 2005, and Plaintiff's Memorandum of Law (Doc. #18) was filed on October 4, 2005.

Plaintiff initially sued defendant in state court for two claims under the Florida Civil Rights Act of 1992.  No federal claim was included in the Complaint and Demand for Jury Trial.  On September 9, 2005, plaintiff filed and served a Motion for Leave to Amend Complaint in the state court, seeking to add a count alleging a violation of the federal Family and Medical Leave Act (FMLA), and attaching a copy of the proposed amended complaint.  On September 16, 2005, before the state court could rule on this motion,

defendant filed and served a Notice of Removal (Doc. #1) asserting that the federal district court had federal question jurisdiction under 28 U.S.C. § 1331 because of the FMLA claim.  The Complaint and Demand for Jury Trial (Doc. #2) removed to federal court contained only the two state law claims.  Plaintiff's Motion for Leave to Amend Complaint, which had been filed in state court, was granted by the federal magistrate judge on September 21, 2005 (Doc. #10).

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action, unless Congress expressly provides otherwise.  28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000).  On a motion to remand, the party seeking to invoke federal jurisdiction bears the burden of establishing the jurisdiction of the federal court.  Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1288 n.4 (11th Cir. 1998); Pacheco De Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996), cert. denied, 520 U.S. 1162 (1997).  Thus, the burden of establishing federal question jurisdiction in this case is upon defendant.

In this case, defendant invoked federal question jurisdiction under 28 U.S.C. § 1331.  A cause of action "arises under" federal law pursuant to § 1331 only when plaintiff's well-pleaded complaint raises issues of federal law.

-2-

> We have long held that "[t]he presence or absence of
> federal-question jurisdiction is governed by the 'well-
> pleaded complaint rule,' which provides that federal
> jurisdiction exists only when a federal question is
> presented on the face of the plaintiff's properly pleaded
> complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386,
> 392 (1987); <u>see also</u> <u>Louisville & Nashville R. Co. v.
> Mottley</u>, 211 U.S. 149, 152 (1908)

<u>Rivet v. Regions Bank of La.</u>, 522 U.S. 470, 474-75 (1998). <u>See
also</u> <u>Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.</u>, 182
F.3d 851, 854 (11th Cir. 1999); <u>Whitt v. Sherman Int'l Corp.</u>, 147
F.3d 1325, 1329 (11th Cir. 1998); <u>Pacheco de Perez v. AT&T Co.</u>,
139 F.3d at 1373; <u>Kemp v. International Bus. Machs. Corp.</u>, 109 F.3d
708, 712-13 (11th Cir. 1997). No federal question appeared on the
face of the original complaint filed in state court. While a
motion to add a federal claim was pending, at the time of removal
this motion had not been granted. As defendant correctly states,
the propriety of removal is judged at the time the Notice of
Removal was filed. <u>Poore v. American-Amicable Life Ins. Co.</u>, 218
F.3d 1287, 1290 (11th Cir. 2000). At the time of removal, there
was no federal question presented in the only complaint properly
filed in state court. Until and unless the motion to amend was
granted by the state court, the Notice of Removal was premature.
Since the federal court had no jurisdiction at the time of the
Notice of Removal, the case must be remanded to state court.

The Court finds no basis to grant defendant's requested relief
to dismiss the FMLA count with prejudice or to award attorney fees
and costs.

Accordingly, it is now

**ORDERED:**

1.   Plaintiff's Response to Defendant's Notice of Removal, deemed to be a Motion to Remand (Doc. #14) is **GRANTED.**  The Clerk is **directed** to remand this case to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

2.   The Clerk is **directed** to terminate all other pending motions as **moot** and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of May, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

-4-